UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VALINDA L. TOLLES,

        Plaintiff,                            Civil Action No. 18-11462
vs.                                          HON. MARK A. GOLDSMITH

ACTING COMMISSIONER
NANCY A. BERRYHILL,

        Defendant.
_____/

**OPINION & ORDER**
**(1) OVERRULING PLAINTIFF'S OBJECTION (Dkt. 28), (2) ACCEPTING THE RECOMMENDATION OF THE MAGISTRATE JUDGE (Dkt. 27), (3) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Dkt. 15), (4) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Dkt. 21), AND AFFIRMING THE COMMISSIONER'S FINAL DECISION**

Plaintiff Valinda L. Tolles appeals from the final determination of the Commissioner of Social Security that she is not entitled to Supplemental Security Income and Disability Insurance Benefits. The matter was referred to Magistrate Judge R. Steven Whalen for a Report and Recommendation ("R&R"). The parties filed cross-motions for summary judgment (Dkts. 15, 21), and Magistrate Judge Whalen issued an R&R recommending that the Court grant the Commissioner's motion for summary judgment and deny Tolles' motion for summary judgment (Dkt. 27). Tolles filed an objection to the R&R (Dkt. 28) and the Commissioner filed a reply brief (Dkt. 29).

For the reasons that follow, the Court overrules Tolles' objection and accepts the recommendation contained in the magistrate judge's R&R. The Commissioner's motion is granted, and Tolles' motion is denied. The final decision of the Commissioner is affirmed.

## I. LEGAL STANDARD

The Court reviews de novo those portions of the R&R to which a specific objection has been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Under 42 U.S.C. § 405(g), this Court's "review is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" Ealy v. Comm'r of Soc. Sec., 594 F.3d 504, 512 (6th Cir. 2010) (quoting Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007)). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Lindsley v. Comm'r of Soc. Sec., 560 F.3d 601, 604 (6th Cir. 2009) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). In determining whether substantial evidence exists, the Court may "look to any evidence in the record, regardless of whether it has been cited by the [Administrative Law Judge ("ALJ")]." Heston v. Comm'r of Soc. Sec., 245 F.3d 528, 535 (6th Cir. 2001). "[T]he claimant bears the burden of producing sufficient evidence to show the existence of a disability." Watters v. Comm'r of Soc. Sec. Admin., 530 F. App'x 419, 425 (6th Cir. 2013).

## II. BACKGROUND

This case has a lengthy history. As relevant here, Tolles filed a Title II application for a period of disability and Disability Insurance Benefits alleging a disability onset date of April 1, 2006. Admin. Record ("AR") at 1049 (Dkt. 13). She eventually received a partially favorable decision finding that she had a disability onset date of May 26, 2011. Tolles appealed the determination that she was not disabled for the period from April 1, 2006 to May 26, 2011. Her appeal was successful, and the case was remanded to a new ALJ. The new ALJ also denied Tolles' application for benefits under Title II, and Tolles appealed again. Once again, she succeeded on her appeal, and the case made its way to a third ALJ. On February 14, 2017, the ALJ denied

2

benefits for the relevant time period. Id. at 1050. The appeal before this Court arises from the February 14, 2017 ALJ decision.

In her motion for summary judgment, Tolles argues that the ALJ's decision to discount Dr. Louis Fuchs' medical opinion was not supported by substantial evidence. Pl. Mot. for Summ. J. at 10-12 (Dkt. 15). Dr. Fuchs was the agency's medical examiner who testified at the ALJ hearing. Id. She also argues that the ALJ should have found that she had a residual functional capacity ("RFC") to perform sedentary work, rather than light work, which would have necessarily resulted in a finding of disability under 20 C.F.R. § Part 404, Subpart. P, App. 2, R. 201.09. Id. at 13-14. And she argues that the ALJ failed to properly consider her subjective symptoms. Id. at 15-25. The magistrate judge was not persuaded by Tolles' arguments and recommends denying her motion for summary judgment.

## III.   ANALYSIS

Tolles makes a single objection to the R&R. She argues that the magistrate judge erred by finding that the ALJ properly addressed Tolles' past relevant work. Obj. at 1. Specifically, she argues that the ALJ did not specify the duties involved in her previous work and the ALJ did not perform an adequate "function-by-function" assessment. Id. This argument with respect to her previous work was not raised before the magistrate judge.[1] A failure to raise certain arguments before a magistrate judge renders those arguments waived; courts generally will not consider new arguments presented for the first time on review. Murr v. United States, 200 F.3d 895, 902 n.1 (6th Cir. 2000); Murphy v. Lockhart, 826 F. Supp. 2d 1016, 1025-1026 (E.D. Mich. 2011)

---

[1] Tolles alludes to this argument in her reply brief in the context of challenging the ALJ's hypothetical questions. Reply at 6 (Dkt. 26). However, "the Sixth Circuit repeatedly has recognized that arguments raised for the first time in a party's reply brief are waived." See United States v. Lopez-Medina, 461 F.3d 724, 743 (6th Cir. 2006) (citing McPherson v. Kelsey, 125 F.3d 989, 995-96 (6th Cir. 1997) (deeming arguments that are not raised in the appellant's main brief, or raised merely in a perfunctory manner, as waived)).

3

(collecting cases). But even if this argument were properly before this Court, it would not alter the outcome of this appeal.

Tolles' objection is aimed at the fourth step of the five-step sequential evaluation process to determine whether an individual is disabled within the meaning of the Social Security Act. 20 C.F.R. § 404.1520(a)(1). The ALJ found that Tolles met the requirements of the first three steps. AR 1053-1057. At the fourth step, the ALJ determined that Tolles had an RFC to perform light work and an ability to perform her past relevant work as a "hand cutter – balloon" as actually and generally performed, and as a maintenance worker as actually performed. AR 1063. Because the ALJ found that Tolles, in light of her RFC, could engage in past relevant work, the ALJ found she was not disabled at step four. AR 1063-1064; see also 20 C.F.R. § 404.1560(b)(3) (explaining that if a claimant can perform past relevant work, the claimant is not considered disabled). Notwithstanding this finding, the ALJ found in the alternative that at the fifth step of the sequential analysis, based on Tolles' age, education, work experience, and RFC, that there were jobs in the national economy she was capable of performing during the relevant period. AR 1064-1065.

In her objections, Tolles does not dispute the RFC determination that she can perform light work and does not dispute the ALJ's finding that there were jobs in the national economy during the relevant time that she could have performed. Instead, Tolles argues that the ALJ mischaracterized her past work as a "balloon worker" and that her maintenance position was not substantial gainful activity. Obj. at 1-2. Even if the Court were to agree with Tolles that the ALJ erred in finding that she was capable of performing past relevant work, her appeal would still fail because she does not object to the RFC determination and she does not object to the ALJ's step-five analysis. In other words, the ALJ concluded that Tolles was not entitled to benefits at step four (because she could perform past relevant work) and he concluded that she was not entitled to

4

benefits at step five (because there were jobs in the national economy that she could perform). Accordingly, Tolles' objection is overruled.

## IV. CONCLUSION

For the above-stated reasons, the Court overrules Tolles' objection (Dkt. 28) and accepts the recommendation contained in the magistrate judge's R&R (Dkt. 13). Tolles' motion for summary judgment (Dkt. 15) is denied. The Commissioner's motion for summary judgment (Dkt. 21) is granted and the final decision of the Commissioner is affirmed.

SO ORDERED.

Dated: September 26, 2019           s/Mark A. Goldsmith
   Detroit, Michigan              MARK A. GOLDSMITH
                                       United States District Judge